UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL A. CADROBBI, an individual; CYNTHIA L. CUMMING, an individual,<br><br>　　　　　　　Plaintiffs,<br>v.<br>NATIONSTAR MORTGAGE, L.L.C., a Delaware Limited Liability Company; OCWEN LOAN SERVICING, LLC, a Delaware Limited Liability Company; and DOES 1 through 100, inclusive,<br><br>　　　　　　　Defendants. | Civil No. 15cv1029 JAH(BGS)<br><br>**ORDER GRANTING DEFENDANT NATIONSTAR'S MOTION TO DISMISS AND GRANTING DEFENDANT OCWEN'S MOTION TO DISMISS [Doc. Nos. 5, 7]** |

## INTRODUCTION

On May 8, 2015, Plaintiffs Paul A. Cadrobbi and Cynthia L. Cumming, proceeding *pro se*, filed a complaint alleging fraud and misrepresentation against Nationstar Mortgage LLC, Ocwen Loan Servicing LLC, and Does 1 through 100 inclusive. Plaintiffs allege they entered into a mortgage loan for property located in Oceanside, California and the loan was subsequently purchased by Defendant Ocwen. Complaint ¶¶ 3, 6, 7. They further allege Defendant Ocwen allocated their mortgage payments to a nonexistent PMI policy and failed to provide proof of the policy as requested by Plaintiff in writing. Id. ¶¶ 9, 12. Plaintiffs also allege Ocwen transferred the servicing rights for the loan to Defendant Nationstar who provided Plaintiffs with a payment history detailing unwarranted PMI policy charges. Id. ¶ 17.

On June 10, 2015, Defendant Nationstar and Defendant Ocwen filed separate motions to dismiss. Plaintiffs filed oppositions to the motions and Defendants filed replies. After a thorough review of the parties' submissions, the Court GRANTS Defendants' motions to dismiss.

## DISCUSSION

Defendant Nationstar moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing Plaintiffs fail to meet the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure.

Defendant Ocwen contends Plaintiffs' claims are time-barred and are not alleged with the specificity required by Rule 9(b) and, therefore should be dismissed pursuant to Rule 12(b)(6).

I.  Legal Standards

A.  12(b)(6)

Rule 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, "the non-

conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the Court takes judicial notice. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

B. 9(b)

Under Rule 9(b) of the Federal Rules of Civil Procedure, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Under Ninth Circuit case law, Rule 9(b) imposes two distinct requirements on complaints alleging fraud. First, the basic notice requirements of Rule 9(b) require complaints pleading fraud to "state precisely the time, place, and nature of the misleading statements, misrepresentations, or specific acts of fraud." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994); Vess v. Ciba-Geigy Corp., U.S.A., 317 F.3d 1097, 1106 (9th Cir. 2003) (A plaintiff must set forth "the who, what, when, where and how" of the alleged

misconduct."). Second, the Rule requires that the complaint "set forth an explanation as to why the statement or omission complained of was false and misleading." Yourish v. California Amplifier, 191 F.3d 983, 993 (9th Cir. 1999).

## II. Defendant Nationstar

Defendant Nationstar contends Plaintiffs' claims rest on allegations that Nationstar engaged in fraud and misrepresentation by assessing unwarranted PMI payments on Plaintiffs' mortgage account, but Plaintiffs fail to allege the fraud with the requisite particularity of Rule 9(b). Defendant maintains, as an initial matter, the Deed of Trust, which sets forth provisions permitting mortgage insurance to be maintained in connection with the loan, demonstrates Plaintiffs' assertion that neither the loan nor the Deed of Trust demonstrate the existence of a PMI policy is without merit.[1] Defendant also argues Plaintiffs do not provide specifics of the misrepresentations allegedly made by Nationstar, or that Nationstar knew the misrepresentations were false. While Plaintiffs allege the "affirmative misrepresentations were made knowingly by NATIONSTAR through their customer service representatives," they have provided no specifics about who they spoke with, when they spoke with the individuals and their authority to speak on behalf of Nationstar. Motion at 4 (Doc. No. 5) (citing Complaint ¶ 31, 44).

In opposition, Plaintiffs argue the Deed of Trust merely permits the possibility of requiring mortgage insurance at the inception of the loan not that a PMI policy actually existed or was required by the lender when the loan was created. Plaintiffs also contend

---

[1] In support of its motion, Defendant Nationstar asks the Court to take judicial notice of (1) the Deed of Trust recorded in the San Diego County Recorder's Office on January 18, 2008 as instrument number 2008-002550; (2) an Assignment of Deed of Trust recorded in the San Diego County Recorder's Office on February 22, 2010 as instrument number 2010-0085135; (3) a Corporate Assignment of Deed of Trust recorded in the San Diego County Recorder's Office on June 7, 2013 as instrument number 2013-0360339; (4) a Notice of Default recorded in the San Diego Recorder's Office on December 29, 2009 as instrument number 2009-0717815; (5) a Notice of Default recorded in the San Diego Recorder's Office on August 22, 2013 as instrument number 2013-0525064, (6) a Notice of Default recorded in the San Diego Recorder's Office on March 14, 2014 as instrument number 2014-0101131; and (7) a Notice of Default recorded in the San Diego Recorder's Office on March 28, 2014 as instrument number 2014-0122378. The Court finds these documents are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" and takes judicial notice of them pursuant to Rule 201 of the Federal Rules of Evidence.

Defendant cannot prevail on its motion to dismiss based upon the allegations of the complaint.

In reply, Defendant argues Plaintiffs fail to plead intent to defraud and make only vague allegations that Nationstar, through its customer service representative, made affirmative misrepresentations knowing they were false.[2] Defendant further argues Plaintiffs do not specify who the customer representatives are, their authority to speak, or when these representations were made. Defendant maintains Plaintiffs allege the PMI began being wrongfully charged in 2010 when Ocwen serviced the Loan. Defendant argues, assuming, arguendo, Plaintiffs are correct, then that information was already in the system when the loan service transferred to Nationstar, and, therefore, all Plaintiffs allege against Nationstar is that it continued to bill them for PMI based on the information received at the time of the service transfer. Defendant contends there are no facts to show that Nationstar intentionally decided to charge PMI when it was not contractually allowed just to take extra money from the Plaintiffs. Defendant also maintains that, contrary to Plaintiffs allegation that the "Deed of Trust does not demonstrate the existence of a PMI policy," the Deed of Trust permits mortgage insurance to be placed on the loan.

In the complaint, Plaintiffs Defendant Ocwen transferred the loan servicing rights to Defendant Nationstar on or about May 16, 2013, and on or about June 14, 2013, Plaintiffs sent a written request to Nationstar for payment records. Complaint ¶¶ 16, 17. In response, Defendant Nationstar provided Plaintiffs with a payment history detailing allegedly unwarranted PMI policy charges that resulted in an inflated escrow balance on July 1, 2013. Id. ¶ 17. They further allege "by way of billings," Defendant Nationstar claimed the loan contained a PMI policy, claimed Plaintiffs owed payments toward a nonexistent PMI policy, and claimed funds paid were being applied to a PMI policy. Id. ¶¶ 32, 45. Plaintiffs assert Defendant intended them to rely on the misrepresentations by

---

[2] Defendant also argues in its reply brief that the action is time-barred. The Court will not consider this argument brought for the first time in Defendant's reply brief. See Zamani v. Carnes, 491 F.3d 990 (9th Cir. 2007) (citing Koerner v. Grigas, 328 F.3d 1039, 1048 (9th Cir. 2003).

repeatedly submitting billing statements that indicated a due and owing balance attributed to the PMI policy and Plaintiffs relied on the misrepresentations because Nationstar was a reputable mortgage servicer. Id, ¶¶ 33, 46, 47. They further allege they were damaged by incurring court fees, suffered slander due to the illegitimate foreclosure proceedings and were reported to credit reporting agencies. Id. ¶48.

While Plaintiffs provide specific dates as to the transfer of the servicing rights and the initial correspondence regarding payment records, they only generally allege misrepresentations "by way of billings" and "through their customer service representatives." These allegations fail to state precisely the time and place of the specific acts of fraud and misrepresentation, and, therefore, Plaintiffs do not plead fraud and misrepresentations with the particularity required by Rule 9(b).

III. Defendant Ocwen

A. Statute of Limitations

Defendant Ocwen argues Plaintiffs' claims are barred by the statute of limitations. Defendant maintains Plaintiffs' fraud and misrepresentation claims have an applicable statute of limitations of three years, and Plaintiffs did not commence this lawsuit until two years after their claims expired. Defendant contends the entire lawsuit arises from the purported payments made to a non-existent PMI policy which caused their loan balance to fluctuate and their escrow payments to increase, and Plaintiffs allege they made these payments from February 2010 to December 2010. Thus, Defendant argues, all claims filed after December 2013, or at the very latest March/April 2014, are time-barred.

Defendant Ocwen also argues even if the discovery rule postponed the accrual of the claims, the claims are stilled time-barred because Plaintiffs were aware of the purported fraud/misrepresentations in March 2011 or April 2011 when they received the bank statements showing fluctuations in the loan balance. Furthermore, Defendant argues, the complaint fails to allege any facts regarding the time and manner of Plaintiffs' discovery of the purported fraud/misrepresentation, and even if it did, such allegations would be inconsistent and defeated by the allegations of the complaint.

Plaintiffs argue the statute of limitation began to run when Plaintiffs discovered the existence of their claims. Although Defendant argues they were aware of the fraud in March 2011, Plaintiffs contend no facts in the complaint indicate such awareness. At that time, they maintain they simply knew their payments had increased. Plaintiffs further maintain they were not aware that Defendant had committed any fraud or misrepresentations until "sometime in late 2012," after Defendant failed to respond to their June 12, 2012 correspondence requesting a copy of the PMI policy.

In reply, Defendant contends Plaintiffs erroneously argue the statute of limitations began to run when they discovered the existence of their claims. Defendant further contends Plaintiffs' arguments are disingenuous and inconsistent with the allegations of the complaint. Defendant maintains Plaintiffs did not allege any facts regarding the time and manner of their discovery of the purported fraud/misrepresentation or their inability to discover the purported fraud prior to June 12, 2012, despite reasonable diligence, and therefore, cannot rely on the discovery rule. Defendant further maintains Plaintiffs' claims would still be time-barred even if the discovery rule applied because their allegations indicate they were aware of the purported fraud when they discovered their escrow payments increased in 2010 and 2011 as a result of the illegitimate PMI policy. At the very least, Defendant argues, Plaintiffs allegations indicate they were aware of the purported misrepresented loan balances when they received their bank statements in March 1, 2011. Defendant maintains it is obvious Plaintiffs were fully aware of the "non-existent" and "illegitimate" PMI policy well before June 12, 2012.

Under California law, the statute of limitations for fraud and misrepresentation is three years, and does not accrue until the aggrieved party discovers the facts constituting the fraud. Cal. Code Civ. P. § 338(d). The discovery rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." Fox v. Ethicon Endo-Surgery, Inc., 35 Cal.4th 797, 807 (2005). To survive a motion to dismiss pursuant to the discovery rule, "a plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead

facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." Id. at 808 (quoting McKelvey v. Boeing North American, Inc., 74 Cal.app.4th 151 (1999)). Plaintiffs bears the burden of showing reasonable diligence.

According to the allegations of the complaint, Defendant Ocwen allocated payments towards the nonexistent PMI policy from February 2010 through December 2010. Complaint ¶ 9. Plaintiffs further allege their loan statements reflected fluctuated balances in March 2011. Id. ¶ 11. Unless the discovery rule applies, Plaintiffs' complaint filed more than three years after March 2011, is time-barred.

The complaint fails to allege any facts showing the time and manner in which Plaintiffs discovered the fraud and their inability to have made the discovery earlier. The Court finds, as alleged, the complaint is time-barred.

### B.  Remaining ground

Because the Court finds the complaint is time-barred as to Defendant Ocwen, it will not address the remaining ground for dismissal.

### III.  Leave to Amend

Both Defendants seek dismissal of the action with prejudice arguing amendment is futile. The Court disagrees. Plaintiffs may amend their complaint to cure the deficiencies noted.

### CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. Defendant Nationstar's motion to dismiss is **GRANTED**;
2. Defendant Ocwen's motion to dismiss is **GRANTED**;
3. Plaintiffs' complaint is dismissed in its entirety. Plaintiffs may file a First

//
//
//
//

Amended Complaint addressing the deficiencies noted above **on or before May 16, 2016.**

Dated: March 31, 2016

_____
JOHN A. HOUSTON
United States District Judge